**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREATIVE DESIGN FZ, LLC, organized under the laws of United Arab Emirates; GEORGE V. RECORDS, SARL, organized under the laws of France,<br><br>          Plaintiffs,<br>   v.<br>JASON BROWN, an individual; and DOES 1–10, inclusive,<br><br>          Defendants. | Case No. 2:11-cv-08876-ODW (RZx)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT [22]** |

Pending before the Court is Plaintiffs Creative Design FZ, LLC and Geroge V. Records, SARL's ("Plaintiffs") Motion for Default Judgment against Defendant Jason Brown ("Defendant"). (Dkt. No. 22.) Having carefully considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C. D. Cal. L. R. 7-15. For the reasons discussed below, Plaintiffs' Motion is **DENIED**.

Pursuant to Local Rule 55-1, an application to the Court for a default judgment must be accompanied by a declaration of compliance with Federal Rule of Civil Procedure 55(b)(2) that includes *all* of the following: (1) when and against what party the default was entered; (2) the identification of the pleadings to which the default was

entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other representative; (4) that the Service Member's Relief Act does not apply; and (5) that notice has been served on the defaulting party, if required by Rule 55(b)(2). C. D. Cal. L. R. 55-1.

Plaintiffs' Motion for Default Judgment is accompanied by the Affidavit of Joseph A. Lopez ("Lopez") (Dkt. No. 22-1) and an Affidavit of Non-Military Service, also executed by Lopez (Dkt. No. 22-2.) Combined, these Affidavits establish that the Clerk of the Court entered default on January 25, 2012, with respect to the Complaint in this action and that, upon Lopez's information and belief, Defendant is not engaged in the military service of the United States. Plaintiffs fail to establish, however, whether Defendant is an infant or incompetent person, and if so, whether that Defendant is represented by a general guardian, committee, conservator, or other representative. *See* C. D. Cal. L. R. 55-1(c). Accordingly, Plaintiffs have failed to meet the requirements for entry of default judgment under Local Rule 55-1.

Moreover, even had Plaintiffs satisfied Local Rule 55-1, Plaintiffs have failed to support their request for attorneys' fees and costs. As a threshold matter, Plaintiffs seek attorneys' fees and costs pursuant to 17 U.S.C. § 1117(a)(3). No such code section exists. Further, to the extent Plaintiffs intend to refer to 15 U.S.C. § 1117(a)(3), Plaintiffs failed to provide the Court any evidence to support their claimed attorneys' fees and costs.[1] As a result, Plaintiffs have failed to meet their burden of proving the fees and costs for which they seek reimbursement.

///
///
///

---

[1] While the Lopez Affidavit purports to attach thereto "as Exhibit '1' . . . a true and accurate copy of [Plaintiff's counsel's] invoices to Plaintiffs with respect to this case to date," Lopez Aff. ¶ 12, no such exhibit was attached either to the electronically filed application or to the courtesy copies submitted to the Court.

For the reasons stated above, the Court **DENIES** Plaintiffs' Motion for Default without prejudice.

**IT IS SO ORDERED.**

March 2, 2012

_____
**HON. OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE**